### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MATTHEW B. YANCICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-1339 |
| ) | |
| HANNA STEEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## M E M O R A N D U M   O P I N I O N

On October 22, 2009, this Court generously granted Plaintiff's motion for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, directing Plaintiff to file his response to Defendant's motion for summary judgment by the close of business on October 30, 2009.  In the October 22 Order, the Court stated, "Plaintiff will be allowed no further Rule 56(f) continuances or enlargements of time to respond to Defendant's motion for summary judgment."  (10/22/2009 Docket Entry in Case 07-cv-1339).  At 4:56 p.m. on October 30, 2009, Plaintiff's counsel filed "Plaintiff's Motion for Leave to File His Response to Defendant's Motion for Summary Judgment with Excess Pages." (Doc. 29).  Counsel attached to that motion a summary judgment response brief which, he represented, failed to meet the page and type limitations of Local Rule 7.1(D)(5).  The response brief referred to exhibits, but counsel did not attach any exhibits to his October 30, 2009 filing.  Counsel's excuse for not attaching exhibits was his purported concern that the numbering of the exhibits would be inaccurate.  Defendant objected to Plaintiff's motion for leave.  (Doc. 30).

On November 10, 2009, Plaintiff's counsel filed a "Motion to Correct Response to Defendant's Motion for Summary Judgment Tendered with Motion for Leave to File with this Response within Page Limit" (Doc. 31).  Counsel attached to this motion a summary judgment response brief which, he represented, met the page and type limitations of Local Rule 7.1(D)(5) and which included additional revisions.  The proposed amended response brief referenced exhibits, but, again, no exhibits were attached to the filing.  Defendant responded in opposition to the November 10 Motion.  (Doc. 32).

It is the finding of the Court that Plaintiff (more specifically, Plaintiff's counsel) failed to meet the extended response deadline set by the Court in the Order dated October 22, 2009.  Pursuant to that Order, by close of business on October 30, 2009, Plaintiff's counsel should have submitted a Local Rule-compliant response brief with any referenced exhibits attached.  Counsel did not accomplish this.  Instead, he chose to submit -- less than five minutes before the already-extended response deadline -- a motion for leave that requested permission to submit a brief that, counsel admits, did not comply with Local Rule 7.1(D)(5).  Further, the proposed response brief referenced exhibits which were not attached.  Plaintiff's counsel chose to take a significant risk by proceeding in the manner that he did.  By submitting his motion for leave and exhibit-less proposed response at (nearly literally) the last minute, Plaintiff's counsel virtually ensured that the Court would not have an opportunity to rule on the motion for leave until after the response deadline.

Moreover, particularly suspect under the circumstances in this case is the fact that Plaintiff's counsel included no exhibits with his October 30, 2009 filing. Counsel's excuse that he failed to file the exhibits because he was concerned about numbering is, at worst, not credible and, at best, nonsense. Any reasonable attorney in counsel's position, under the circumstances here, would have known that it was imperative to get the exhibits on record by the October 30, 2009 deadline -- even if the numbering was somehow a bit off. And, of course, if counsel would have simply adhered to the Local Rules in the first place, there would have been no exhibit-numbering problem to worry about.[1]  It can be reasonably inferred that counsel structured his 4:56 p.m. filing on October 30, 2009 so as to buy himself additional time to prepare exhibits in support of his summary judgment response brief. Accurate or inaccurate, it is a fair inference to draw this time, in light of the break the Court gave Plaintiff's counsel in extending the original response deadline pursuant to Rule 56(f) over Defendant's objection. The Court allowed Plaintiff special relief by its Order of October 22, 2009, and Plaintiff's counsel simply abused that allowance. Such conduct shows disrespect for the Court. Moreover, counsel's conduct has forced this Court to spend time untying the absolutely unnecessary procedural knot counsel chose to create in this case. Defendant's counsel has likened the conduct of Plaintiff's counsel to "playing with fire" (Doc. 32 at p. 3), and the Court agrees.

---

[1] There are cases where cause exists for allowing a party to file a response brief with excess pages. This case is not one of them.

**O R D E R**

Plaintiff's Motion for Leave (Doc. 29) is DENIED. Plaintiff's Motion to Amend (Doc. 31) is also DENIED. For the reasons stated in the Memorandum Opinion above, Plaintiff will not be allowed to file a response to Defendant's pending motion for summary judgment. No reply by Defendant is necessary at this point. The Court will rule on Defendant's motion for summary judgment in due course. The dates for the Final Pretrial Conference and Jury Trial are VACATED; the dates will be reset, if necessary, after the Court rules on Defendant's motion for summary judgment.

Entered this <u>16th</u> day of November, 2009.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States District Judge